By the Court :
Since no nomination papers were tendered under section 7 of this act, the only question is whether the requirement of section 6, that a certified nomination shall be by a political party which, at the last election, “polled at least one per cent, of the entire vote cast in the state” is valid.
Certainly, the right of a qualified elector to vote at all elections is secured by section 1 of article 5 of the constitution, but that the exercise of the right is subject to such regulations, looking to a fair election, as do not unreasonably or unnecessarily impair it, is a proposition too familiar to call *633 for discussion or citation of authorities. Some restriction upon the right to have nominations printed upon the blanket ballot is necessary to render it practicable. In view of the small ratio of voters required to make a certified nomination, and in view of the right to.have nominations made by papers or petition signed for that purpose, and of the right conferred by the act upon every voter to supply the names of all persons for whom he may desire to vote, we cannot say that the exercise of the right is unreasonably impeded. In Dewalt v. Bartley, 146 Pa. St., 519, it was held that an act requiring that to entitle it to certify nominations, a party must have polled three per cent, of the largest vote cast at the next preceding election, is valid. In Ransom v. Black, 54 N. J. L., 446, the same conclusion was reached with respect to an act which required five per cent, of the entire vote, for that purpose.
The provision under consideration was enforced by this court in State ex rel. Lewis v. Kinney, 57 Ohio St., 221, though its validity does not then seem to have been doubted by any one.
Petition dismissed.
Spear, C. J. dissents.